IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH TERRY | : | CIVIL ACTION |
| v. | : | |
| CITY OF WILMINGTON, et al. | : | NO. 10-647 |

MEMORANDUM

Bartle, C.J.                                                    March 31, 2011

      Plaintiff Joseph Terry filed suit against the City of Wilmington, Delaware and its police department pursuant to 42 U.S.C. § 1983 alleging violations of certain constitutional rights in connection with Terry's arrest by Wilmington police officers in 2007. The court reviewed the complaint as required by 28 U.S.C. § 1915A(a)-(b) and ordered Terry to show cause why the complaint should not be dismissed for failing to comply with the applicable statute of limitations. The court has received and reviewed Terry's response to the order to show cause.

I.

      The court must review complaints filed by incarcerated persons against governmental defendants and dismiss "as soon as practicable" any action that is "frivolous, malicious, or fails to state a claim upon which relief can be granted" or that "seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a)-(b).[1] In exercising its statutory screening function, the court reviews the inmate's complaint using the same standard it would apply in considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Alexander v. Fletcher, 367 Fed. App'x 289, 290 (3d Cir. 2010). In considering motions under Rule 12(b)(6), the court accepts as true all factual allegations in the pleading and draws all inferences in the light most favorable to the nonmoving party. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court then determines whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Terry is proceeding pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

II.

Terry's amended complaint alleges that he was falsely accused of theft, and that as a result of this accusation, the Wilmington Police Department falsely arrested him on June 15,

---

1. Title 28 U.S.C. § 1915(e)(2) imposes a similar duty with regard to plaintiffs proceeding in forma pauperis. Section 1915 requires that the court dismiss the action if the court determines "at any time" that the action lacks merit.

2007.  Terry was incarcerated at the New Castle County Jail and charged with first degree robbery, criminal impersonation, tampering with evidence, and first degree carjacking.  Subsequently, the New Castle County District Attorney's office prosecuted Terry for these crimes.  According to Terry, all charges "were ultimately dismissed upon a Termination Favorable to" him on January 3, 2008.

Terry's amended complaint alleges that the City of Wilmington engaged in false arrest and false imprisonment because it held Terry "upon false pretenses."  He alleges this deprived him of his Fourth Amendment right to be free from unreasonable seizure and he seeks monetary damages pursuant to 42 U.S.C. § 1983.  Terry, presently an inmate at the Clinton Correctional Facility in Dannemora, New York, presumably on unrelated charges, signed his original complaint on July 9, 2010.  The envelope in which the complaint was mailed was postmarked July 27, 2010, and the clerk filed the complaint on docket on August 2, 2010.

III.

Because federal law does not impose a statute of limitations on § 1983 claims, courts determine the applicable limitations period by looking "to the law of the State in which the cause of action arose."  Wallace v. Kato, 549 U.S. 384, 387-88 (2007); see Petaccio v. Davis, 76 Fed. App'x 442, 444 (3d Cir. 2003).  In Delaware, § 1983 claims for false imprisonment are subject to the general two-year limitations period for personal injury actions.  See Del. Code Ann. tit. 10, § 8119; Johnson v.

Cullen, 925 F. Supp. 244, 248 (D. Del. 1996); Chrisco v. Shafran, 525 F. Supp. 613, 616 (D. Del. 1981). When the cause of action under § 1983 accrues, however, is a matter of federal law. Wallace, 549 U.S. at 388; Dreary v. Three Un-named Police Officers, 746 F.2d 185, 197 & n.16 (3d Cir. 1984). A § 1983 claim accrues "when the plaintiff knew or had reason to know of the injury that constituted the basis of th[e] cause of action." Dreary, 746 F.2d at 197 & n.16; see Petaccio, 76 Fed. App'x at 444; Johnson, 925 F. Supp. at 248.

Specifically, a § 1983 claim for false imprisonment accrues "when the alleged false imprisonment ends." Wallace, 549 U.S. at 389 (internal quotations omitted). A false imprisonment ends when the plaintiff begins to be held pursuant to legal process. Id. This occurs "when, for example, [the plaintiff] is bound over by a magistrate or arraigned on charges." Id. Terry does not state the date on which he was arraigned or presented to a magistrate for a determination of probable cause in connection with his arrest. There is nothing in the record to indicate that Terry's alleged false imprisonment ended any later than January 3, 2008, the date on which he alleges the charges against him were resolved in his favor. Thus, any § 1983 claim for false imprisonment for these charges must have accrued by that date.

Because prisoners face special circumstances in presenting their legal claims in court, this district often deems a pro se inmate's § 1983 complaint filed when it is delivered to prison officials for mailing. See Blackman v. James T. Vaughn

Corr. Ctr., Case No. 10-741, 2011 WL 66124 (D. Del. Jan. 4, 2011); Gibbs v. Decker, 234 F. Supp. 2d 458, 463 (D. Del. 2002).² Terry's original complaint was signed on July 9, 2010, which is the earliest possible date that it could have been delivered to prison officials for mailing. See Alexander v. Fletcher, 367 Fed. App'x 289, 291 n.3 (3d Cir. 2010). Even assuming that Terry's § 1983 cause of action arose on January 3, 2008, Terry's July 9, 2010 complaint is still untimely under the relevant two-year statute of limitations.³ Where the face of the complaint shows that the claim presented is time-barred, the court may exercise its screening function to dismiss the complaint as failing to state a claim upon which relief can be granted. See Alexander, 367 Fed. App'x at 290-91 (unpublished); Wakefield v. Moore, 211 Fed. App'x 99, 100-01 (3d Cir. 2006) (unpublished).

We turn to the question of whether tolling of the statute of limitations is required. Equitable tolling is generally appropriate "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the

---

2. The court developed this standard by applying the "mailbox rule" that the Court of Appeals for the Third Circuit has adopted for determining the filing date for a petition for writ of habeas corpus. See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

3. The Court of Appeals for the Third Circuit suggested in a recent non-precedential opinion that a prisoner's § 1983 action is deemed filed on the date the complaint is submitted to the clerk of court for filing. Dasilva v. Sheriff's Dept., Case No. 10-1406, 2011 WL 179767, at *3 (3d Cir. Jan. 20, 2011). Applying this standard, Terry's complaint would, of course, still be untimely.

plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum."  Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000).  Neither the complaint nor Terry's response to the court's order to show cause suggests any of these circumstances are present or that applying the state law statute of limitations would otherwise frustrate the purpose of § 1983.  See id. at 370.

The court, exercising its screening function pursuant to 28 U.S.C. § 1915A(a)-(b), will dismiss Terry's complaint because it is barred by the statute of limitations.